**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

NELSON GARCIA-ORJUELA,          :
                                        Civil Action No. 05-2137 (FLW)
        Petitioner,   :

        v.              :   **OPINION**

JOHN NASH,                      :

        Respondent.   :

**APPEARANCES:**

Nelson Garcia-Orjuela, Petitioner pro se
#03113-112
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**WOLFSON**, District Judge

    Petitioner Nelson Garcia-Orjuela, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The respondent is Warden John Nash.

    For the reasons stated herein, the Petition will be denied. See 28 U.S.C. § 2243 ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

## I. BACKGROUND

This statement of background facts is taken from the Petition and is accepted as true for purposes of this review.

Petitioner currently is serving a sentence of 198 months imprisonment imposed by the U.S. District Court for the Central District of California. Petitioner contends that the BOP misinterprets 18 U.S.C. § 3624(b) and that good time credits should be awarded based on the total term of imprisonment <u>imposed</u>, rather than on an annual incremental basis for time <u>served</u>. Petitioner does not dispute the accuracy of the BOP's calculations under its stated policy.

## II. ANALYSIS

Petitioner was sentenced on January 22, 1996. For offenses committed before April 26, 1996, former 18 U.S.C. § 3624(b) provided, in pertinent part:

> A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term ... .

18 U.S.C. § 3624(b).

The Bureau of Prisons has codified its interpretation of former and current § 3624(b) at 28 C.F.R. § 523.20.

> Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after November 1, 1987 but before April 26, 1996, an inmate earns 54 days credit

> toward service of sentence (good conduct time credit) for each year served.

This interpretation is implemented through BOP Program Statement ("P.S.") 5880.28 (emphasis added).  See also P.S. 5884.01, Good Conduct Time Under the Prison Litigation Reform Act.  The Bureau of Prisons has determined that "54 days of GCT [("good conduct time")] may be earned for each full year served on a sentence in excess of one year," P.S. 5880.28(g) (emphasis added).

The Court of Appeals for the Third Circuit has recently held that, although Section 3624(b) is ambiguous, the Bureau of Prisons' interpretation is reasonable and entitled to deference under the rule of Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984).  O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005).  Accordingly, Petitioner is not entitled to relief.

### III.  CONCLUSION

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.

        S/Freda L. Wolfson
        Freda L. Wolfson
        United States District Judge

Dated: July 21, 2005